UNITED STATES, Appellee

v

ALBERT L. PHARIS, Airman First Class, U. S. Air Force,
Appellant

9 USCMA 219, 25 CMR 481

No. 10,951

Decided May 2, 1958

*Lieutenant Colonel Ellis L. Gottlieb* and *Major Edmund B. Sigman* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Lieutenant Colonel John F. Hannigan* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

On a rehearing, the accused was convicted of four separate offenses sounding in theft. The first specification alleged an attempt to steal $50, in contravention of Article 80 of the Uniform Code of Military Justice, 10 USC § 880. The next two specifications charged larcenies of $11 and $40, respectively, contrary to Article 121 of the Code, 10 USC § 921. The last offense was charged under Article 134 of the Code, 10 USC § 934, as the subject matter of the alleged theft was a letter which, when taken, was in the custody of an official agency for the transmission of mail. The accused pleaded guilty to the two specifications alleging larcenies of money, but pleas of not guilty were entered to the attempted theft and the larceny of the letter. While maximum sentence imposable for the offenses

**219**

charged was more onerous, because the sentence imposed at the original trial fixed a ceiling on rehearing, this court-martial was instructed that confinement with appropriate accessories could not exceed three years. The maximum sentence was imposed, and the convening authority left the findings and sentence untouched, but a board of review concluded that the attempted larceny set out in Charge I and the completed theft alleged in Charge II should be considered as one offense and, to purge the error arising from multiplicity, reduced the period of confinement to two years. We granted review to consider whether the staff judge advocate's post-trial review applied an incorrect factual standard.

In setting out his comments on the evidence, the legal reviewer twice mentioned his conclusions on its sufficiency. First he stated:

"The evidence received by the court established prima facie all the elements of all the offenses charged, and in addition, with regard to the specifications of Charge II and Additional Charge I, accused pleaded guilty and persisted in such plea after having been fully and fairly advised as to the effect thereof. There is nothing in the record of trial which indicates that these pleas may have been improvidently entered, and nothing inconsistent therewith was presented."

Subsequently he said:

"The evidence received by the court, coupled with accused's pleas of guilty, supports the findings; and the findings support the sentence, which is within legal limitations and within the power of the court to adjudge."

In light of the Court's holding in United States v Fields, 9 USCMA 70, 25 CMR 332, the yardstick mentioned is not correct but, because of the pleas of guilty, we can eliminate the possibility of any prejudice to the accused on two of the offenses. As to those offenses, the staff judge advocate did not mislead the convening authority. See United States v Flemings, 8 USCMA 729, 25 CMR 233. That leaves for consideration the probability of harm to the accused on the specifications of attempted larceny and theft from the mails.

The language used by the staff judge advocate in United States v Fields, supra, included this phrase: "The elements of the offense having been proved, the findings were justified." Here the reviewer merely stated that the evidence supports the findings. The evidence on the attempted larceny was in dispute and, by his plea of not guilty, the accused placed in issue all of the essential elements of the offense of stealing the letter. As to those two crimes, United States v Fields, supra, is dispositive. It requires an expression of the staff judge advocate's opinion "as to the adequacy and weight of the evidence." Here, he limited his opinion to the legal sufficiency of the evidence. With the evidence relating to two offenses in conflict, his failure to specifically and in proper terms express his opinion upon the issue of factual sufficiency, deprived the accused of an essential right. By this failure the convening authority was deprived of the guidance which the law, as expounded by United States v Fields, supra, demands he receive from his legal adviser. The review falls short of those requirements and, under our previous holdings, either a new review must be afforded the accused on the two offenses, or a board of review may affirm the findings on the specifications to which the accused pleaded guilty and reassess an appropriate sentence. It is so ordered.

The decision of the board of review is reversed, and the record is returned to The Judge Advocate General of the Air Force for action not inconsistent with this opinion.

Chief Judge QUINN and Judge FERGUSON concur.